IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:15CR79-1 |
| JOEY DWAYNE JUSTUS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on Defendant Joey Dwayne Justus's ("Defendant") Motion to Dismiss [Doc. #13], in which Defendant seeks dismissal of Counts One and Three of the instant Indictment. Counts One and Three charge Defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant argues that his prior North Carolina conviction does not qualify as a felony under § 922(g)(1) because he did not face a term of actual imprisonment in excess of one year. A hearing on Defendant's Motion was held on May 6, 2015, at the end of which this Court determined it would deny Defendant's Motion. This Memorandum Opinion and Order is entered consistent with this Court's findings and conclusions as stated at the May 6, 2015 hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The relevant background information is as follows. On February 24, 2015, a Grand Jury returned a four-count Indictment against Defendant, charging him in Counts One and Three with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and in Counts Two and Four of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). As

is relevant here, § 922(g)(1) is triggered only when a person "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Defendant has a prior North Carolina state conviction for attempted breaking or entering that appears to qualify Defendant as a felon within the meaning of § 922(g)(1) for purposes of Counts One and Three.

Defendant was convicted in the Davidson County, North Carolina Superior Court on January 30, 2014, for felony attempted breaking or entering for an offense that occurred on July 22, 2013. The judgment from the Superior Court indicates that, pursuant to North Carolina law, Defendant's conviction was a Class I felony and that Defendant had a Prior Record Level of III. Additionally, the judgment indicates that mitigating factors justified a mitigated sentence in Defendant's case. The judgment imposed a sentence of 4 to 14 months of imprisonment.

Based on Defendant's interpretation of applicable North Carolina sentencing law, Defendant filed a Motion to Dismiss [Doc. #13] on April 24, 2015. The Motion sought dismissal of Counts One and Three of the Indictment for failure to state an offense, because Defendant contends that his prior North Carolina conviction was not punishable for a term in excess of one year. On April 29, 2015, the Government filed a Response [Doc. #14] in opposition to Defendant's Motion. The Parties presented additional argument at the May 6, 2015, hearing on the Motion.

## II. LEGAL STANDARD

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to file a pretrial motion to dismiss an indictment that is defective by virtue of failing to state an offense.

Fed. R. Crim. Proc. 12(b)(3)(b)(v). Such a motion to dismiss "tests whether the indictment sufficiently charges the offense set forth against the defendant." United States v. Brandon, 150 F. Supp. 2d 883, 884 (E.D. Va. 2001) (citing United States v. Sampson, 371 U.S. 75, 78-79, 83 S. Ct. 173, 9 L. Ed. 2d 136 (1962)). An indictment must generally state the necessary elements of the charged offense, accompanied by a statement of facts supporting the charge and informing the defendant of the specific conduct alleged to constitute the offense. United States v. Perry, 757 F.3d 166, 171 (4th Cir. 2014); see United States v. Brandon, 150 F. Supp. 2d 883, 884 (E.D. Va. 2001)(citing Hamling v. United States, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907-08, 41 L. Ed. 2d 590 (1974)).

## III. DISCUSSION

Defendant argues that the Indictment fails to state an offense because his underlying North Carolina conviction was not punishable for a term of imprisonment in excess of one year. Defendant bases this argument on a term of post-release supervision that is included in the sentences of certain North Carolina state felonies.

As is relevant here, North Carolina General Statute § 15A-1340.13 sets out the procedure a North Carolina state court follows when sentencing a defendant. Initially, the court must determine the Prior Record Level of the defendant and the Class of Offense at issue. N.C. Gen. Stat. § 15A-1340.13(b). Based on these two determinations, in conjunction with any aggravating or mitigating factors, the court then determines the applicable minimum and maximum sentence, as specified in North Carolina General Statute § 15A-1340.17, unless other applicable statutes require a different sentence. Id. § 15A-1340.13(b)–(e). As to post-release supervision

for such sentences, the Justice Reinvestment Act of 2011 ("JRA") as codified provides that "a prisoner to whom this Article applies shall be released from prison for post-release supervision on the date equivalent to his maximum imposed prison term . . . less nine months in the case of Class F through I felons[.]" Id. § 15A-1368.2(a). A defendant cannot choose to serve this portion of his sentence in prison rather than serve the portion as post-release supervision. Id. § 15A-1368.2(b). "When a supervisee completes the period of post-release supervision, the sentence or sentences from which the supervisee was placed on post-release supervision are terminated." Id. § 15A-1368.2(f).

Based on reading § 15A-1340.17 in conjunction with § 15A-1368.2, Defendant asserts that Defendant's conviction was not punishable by a term of imprisonment exceeding one year for purposes of § 922(g)(1). Defendant argues that because his prior North Carolina felony was a Class I felony, his sentence of imprisonment contained a 9-month term of post-release supervision. Thus, according to Defendant, this Court must effectively consider the maximum term of imprisonment Defendant was sentenced to for the prior convictions, then subtract 9 months for the mandatory post-release supervision term, in order to determine whether Defendant was convicted of an offense punishable by a term in excess of one year.

In the present matter, Defendant received a 4 to 14 month sentence for his prior conviction of attempted breaking or entering.[1] Defendant frames the sentence for this previous

[1] According to North Carolina's sentencing chart, based on a Prior Record Level of III, a Class I Offense, and a finding of mitigating factors, Defendant was eligible for a minimum sentence of 4 to 5 months, which corresponds to a maximum sentence of 14 to 15 months. See N.C. Gen. Stat. § 15A-1340.17. Thus, although sentenced to 4 to 14 months, Defendant could have received as much as a 15-month maximum sentence. To the extent it is relevant in

conviction as consisting of two components: first, a sentence of imprisonment, and second, a mandatory term of post release supervision. By Defendant's reasoning, Defendant was sentenced to a maximum of 5 months of imprisonment, followed by 9 months of post-release supervision. Defendant asserts that because the sentence for his North Carolina conviction effectively contained a period of 9 months during which he would be released on supervision, the term of actual imprisonment was necessarily less than one year. Defendant contends that he has not been convicted of an offense "punishable by imprisonment for a term exceeding one year" for purposes of charging Defendant under § 922(g)(1), and therefore, the Indictment fails to state an offense as to Counts One and Three.

However, this Court is persuaded that the post-release supervision is more accurately considered part of the term of imprisonment the State of North Carolina imposes for certain felony convictions. The judgment for the underlying conviction only states a range of term of imprisonment, with no reference to any term of post-release supervision. In this instance, Defendant's judgment imposed a sentence of 4 to 14 months. As Defendant conceded at the hearing, the judgment nowhere mentions the 9-month term of post-release supervision. Instead, the judgment contains a simple and clear sentence of imprisonment, which was in excess of one year of imprisonment. To the extent this Court's review of a state court's judgment is limited to review of the charging and sentencing documents, the sentencing document in this matter reveals a sentence of imprisonment in excess of one year, and does not contain an indication

---

the instant matter, the Court notes that this determination of this particular Defendant's specific sentence is in accord with the Fourth Circuit's instructions in United States v. Simmons, 649 F.3d 237, 247 n.9 (4th Cir. 2011).

that the sentencing court actually considered the sentence of imprisonment to be 9 months less than what is stated in the relevant judgment. Thus, the judgment imposed a sentence of imprisonment in excess of one year at the outset of Defendant's conviction.

The language and structure of the relevant North Carolina statutes further support such a conclusion. The North Carolina statute outlining the procedure for determining a maximum sentence refer to the sentence in terms of imprisonment, and not in terms of imprisonment and post-release supervision. See N.C. Gen. Stat. § 15A-1340.13 ("The maximum term of imprisonment applicable to each minimum term of imprisonment is, unless otherwise provided, as specified in § 15A-1340.17"); id. § 15A-1340.17 (containing the sentencing chart, referring to "minimum term[s] of imprisonment" and "maximum term[s] of imprisonment" without any mention of post-release supervision). This language suggests that North Carolina considers any included term of supervised release to effectively be part of an imposed term of imprisonment. Indeed, upon revocation of post-release supervision, a defendant could be reimprisoned for the time remaining on his original sentence. See id. § 15A-1368.3 (c)(1).

As highlighted by the Government in its Response, North Carolina's mandatory term of post-release supervision appears analogous to parole and is distinguishable from the supervised release system used in federal courts, in that the North Carolina Post-Release Supervision and Parole Commission ("the Commission"), and not a judge, addresses violations of post-release supervision. Any term of imprisonment imposed by the Commission as a result of revocation of post-release supervision is according to and under the original sentence of imprisonment imposed. See N.C. Gen. Stat. § 15A-1368.3(c) (referring to violations as punishable by

"reimprisonment" or being "returned to prison" upon revocation of post-release supervision); see also State v. Corkum, __ N.C. App. __, 735 S.E.2d 420, 423 (2012) (observing, in context of credit for time served, that the post-release supervision is "a result of the original charges," and "[t]here is no new sentence imposed as a result of a revocation of post-release supervision; only the remaining portion of the original sentence is activated"). The statutes also make clear that the original sentence does not terminate until a defendant's maximum sentence is completed, irrespective of how much of the sentence was spent in custody or on post-release supervision. See N.C. Gen. Stat. § 15A-1368.2(f). As such, the maximum term of imprisonment truly represents the maximum amount of time a particular defendant could serve in prison according to a particular sentence. Here, Defendant did not in fact have his post-release supervision revoked and did not serve the maximum term of his sentence in prison; however, at the time the underlying sentence was imposed, he was faced with the possibility of imprisonment in excess of one year.

Thus, on the face of the judgment and according to how post-release supervision operates under a given sentence, Defendant faced a term of imprisonment in excess of one year for his prior North Carolina conviction. As such, this Court rejects Defendant's argument that the term of post-release supervision must be subtracted from the sentence of a state court's judgment when evaluating whether a prior conviction was punishable by a term of imprisonment in excess of one year for purposes of the federal offense of violating 18 U.S.C. § 922(g)(1). Accordingly, having considered the argument made by Defendant in this case with respect to Counts One and Three and whether or not Defendant had a qualifying felony, this Court finds

that Defendant's prior North Carolina conviction discussed herein, which included a maximum sentence in excess of one year, qualifies as a felony for purpose of the Indictment in this case. As such, Counts One and Three do not fail to state an offense as contended by Defendant.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Defendant's prior North Carolina felony conviction was punishable by a term in excess of one year, as evidenced by the underlying judgment for Defendant's conviction. Thus, Counts One and Three of the Indictment are not defective for failure to state an offense under Rule 12(b)(3)(b)(v), and the Counts should not be dismissed. The Court will accordingly deny Defendant's Motion to Dismiss [Doc. #13].

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. #13] is hereby DENIED.

This the 7th day of May, 2015.

United States District Judge